UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY LABARBERA et al.,                                              08 CV 2573 (SJ) (CLP)

                      Plaintiffs,                                MEMORANDUM
                                                        AND ORDER

-against-

UNITED ORNAMENTALS, INC.,

                      Defendant.
-----------------------------------------------------------X
A P P E A R A N C E S:

AVRAM H. SCHREIBER
40 Exchange Place, Suite 1300
New York, NY 10005
By:    Avram H. Schreiber
Attorney for Plaintiffs

JOHNSON, Senior District Judge:

        Plaintiffs Gary Labarbera and Frank Finkel, Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds") (collectively, "Plaintiffs") brought this action, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, against defendant United Ornamentals, Inc. ("Defendant"), seeking to recover delinquent contributions owed to the Funds and a permanent injunction requiring Defendant

1

to submit the required contribution reports and payments, for so long as Defendant remains obliged. Defendant never responded to the complaint and never appeared before this Court. On July 30, 2008, Plaintiffs filed a motion for default and, on August 6, 2008, the Clerk of Court entered a default judgment. Subsequently, on August 14, 2008, this Court referred the matter to United States Magistrate Judge Cheryl Pollak for a report and recommendation on damages. On January 5, 2008, Magistrate Judge Pollak issued a report and recommendation (the "Report"), recommending that this Court award Plaintiffs damages in the total amount of $47,583.90, representing $29,949.99 in unpaid principal contributions; $4,403.15 in interest; $7,775.53 in liquidated damages; and $5,455.23 in attorneys' fees and costs. (Report, p. 20.) The Report further recommended that Plaintiffs' request for a permanent injunction be denied without prejudice because it does not appear that Defendant is subject to an on-going obligation, given that the collective bargaining agreement on which Plaintiffs base their request appears to have expired on June 30, 2008. (Report, p. 19-20.)

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo*

review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Pollak's Report were due within ten days of receipt of the January 5, 2009 Report. No objections to the Report were filed with this Court. Upon review of the recommendations, this Court adopts and affirms Magistrate Judge Pollak's Report in its entirety.

SO ORDERED.

Dated: Brooklyn, New York                        /s/
      January  26 , 2009                        Sterling Johnson, Jr.
                                                                            U.S.D.J.